STAMOULIS & WEINBLATT LLC
Stamatios Stamoulis
Attorney I.D. NJ 01790-1999
stamoulis@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Attorneys for Plaintiff,*
*Wireless Media Innovations, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WIRELESS MEDIA INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| MAHER TERMINALS, LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

This action is brought by Plaintiff Wireless Media Innovations, LLC ("WMI" or "Plaintiff"), a Delaware limited liability company with its principal place of business at 1209 Orange Street, Wilmington, Delaware 19801, and which is the owner of two United States Patents covering certain systems and methods relating to the monitoring of containers, against Defendant Maher Terminals, LLC ("Defendant"), a Delaware limited liability company with its principal place of business at 1210 Corbin Street Elizabeth, NJ 07201, for direct infringement of the patents.  WMI, by its attorneys, for its Complaint against Defendant alleges the following:

1

## THE PARTIES

1. Plaintiff WMI is a limited liability company organized under the laws of Delaware with a place of business at 1209 Orange Street, Wilmington, Delaware 19801.

2. Upon information and belief, Defendant is a limited liability company organized under the laws of Delaware with its principal place of business at 1210 Corbin Street, Elizabeth, New Jersey, 07201 and a registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  WMI seeks remedies for Defendant's infringement of WMI's U.S. Patent Nos. 6,148,291 and 5,712,789 ("the Patents-in-Suit").

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant by virtue of, inter alia, its presence in New Jersey, having conducted business within the State of New Jersey and this Judicial District, having engaged in systematic and continuous contacts with the State of New Jersey, and maintaining its principal place of business in New Jersey.  In particular, Defendant is registered to do business in the State of New Jersey and has thereby intentionally availed itself of the privileges of the protection of New Jersey State laws.  On information and belief, Defendant regularly conducts business in this Judicial District and has purposefully made and used infringing systems and methods and/or services, thereby performing acts of patent infringement within this Judicial District.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

7. On November 14, 2000, United States Patent No. 6,148,291 ("the '291 Patent"), entitled "CONTAINER AND INVENTORY MONITORING METHODS AND SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '291 Patent is attached as Exhibit A to this Complaint.

8. On January 27, 1998 United States Patent No. 5,712,789 ("the '789 Patent"), entitled "CONTAINER MONITORING SYSTEM AND METHOD," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '789 Patent is attached as Exhibit B to this Complaint.

9. WMI is the assignee and owner of the right, title, and interest in and to the Patents-in-Suit, including the right to assert all causes of action arising under the Patents-in-Suit and the right to any remedies for infringement thereof.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,148,291

10. WMI realleges and incorporates by reference the allegations of paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. Defendant uses at least one terminal operating system and operative methods associated therewith to monitor the locations and load statuses of containers at Maher Container Terminal.

12. At least by Defendant's monitoring of the containers, Defendant has infringed and continues to infringe one or more claims of the '291 Patent, either literally or under the doctrine of equivalents, by using infringing systems and methods, without authorization, in the United States in violation of 35 U.S.C. § 271, including, but not limited to, 35 U.S.C. § 271(a).

13. The infringement of the '291 Patent by Defendant has caused and continues to cause damage to WMI in an amount to be determined at trial.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,712,789

14. WMI realleges and incorporates by reference the allegations of paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15. Defendant uses at least one terminal operating system and operative methods associated therewith to monitor the locations and load statuses of containers at Maher Container Terminal.

16. At least by Defendant's monitoring of the containers, Defendant has infringed and continues to infringe one or more claims of the '789 Patent, either literally or under the doctrine of equivalents, by using infringing systems and methods, without authorization, in the United States in violation of 35 U.S.C. § 271, including, but not limited to, 35 U.S.C. § 271(a).

17. The infringement of the '789 Patent by Defendant has caused and continues to cause damage to WMI in an amount to be determined at trial.

### JURY DEMAND

18. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, WMI demands a trial by jury on all issues triable as such.

### PRAYER FOR RELIEF

WHEREFORE, WMI respectfully demands judgment for itself and against Defendant as follows:

a. An adjudication that Defendant has directly infringed the Patents-in-Suit pursuant to 35 U.S.C. § 271(a);

b. An adjudication requiring Defendant to pay WMI damages adequate to compensate WMI for its past infringement and any continuing or future infringement of the Patents-in-Suit through the date such judgment is entered, costs, expenses, and pre-judgment and post-judgment interest;

c. An adjudication that WMI's Patent Infringement case is an exceptional case, and awarding WMI attorneys' fees pursuant to 25 U.S.C. § 285;

d. An accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award of WMI's damages for any such acts; and

e. Such other and further relief at law or in equity as the Court deems just and proper.

        Respectfully submitted,

Date: November 7, 2014

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis
Attorney I.D. NJ 01790-1999
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Email: stamoulis@swdelaw.com

*Attorneys for Plaintiff,*
*Wireless Media Innovations, LLC*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

Pursuant to L. Civ. R. 11.2, I hereby certify that, to the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Date: November 7, 2014                     */s/ Stamatios Stamoulis*
                                           Stamatios Stamoulis
                                           Attorney I.D. NJ 01790-1999
                                           STAMOULIS & WEINBLATT LLC
                                           Two Fox Point Centre
                                           6 Denny Road, Suite 307
                                           Wilmington, DE 19809
                                           Telephone: (302) 999-1540
                                           Email: stamoulis@swdelaw.com

                                           *Attorneys for Plaintiff,*
                                           *Wireless Media Innovations, LLC*